# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2566 | **DATE** | 8/31/2004 |
| **CASE TITLE** | Cahill vs. Ivex Novacel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies Cahill's motion to remand. Discovery cut off set to 11/30/04. Deadline for filing dispositive motions set to 12/30/04. Response to motions due 1/14/05. Reply brief is due 1/21/05. Status hearing set to 12/8/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 0 1 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | 2004 AUG 31 PM 2:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN CAHILL, | ) |
| Plaintiff, | ) |
| v. | ) |
| IVEX NOVACEL, INC.,<br>a Delaware Corporation, | ) |
| Defendant | ) |
| NOVACEL, INC., a Delaware<br>corporation, as assignee of Chargeurs<br>Protective, Inc., a Delaware corporation, | ) No. 04 C 2566 |
| Defendant/Counter-Plaintiff, | ) |
| v. | ) |
| JOHN CAHILL, | ) |
| Plaintiff/Counter-Defendant, | ) |
| and | ) |
| SURFACE GUARD, INC., an Illinois<br>corporation, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

DOCKETED SEP 0 1 2004

This matter is before the court on Plaintiff John Cahill's ("Cahill") motion to remand. For the reasons stated below we deny the motion to remand.

## BACKGROUND

On May 26, 2000, Cahill ended his employment for Defendant Ivex Novacel, Inc. ("Novacel") and entered into a severance agreement with Novacel. A restrictive covenant was included within the severance agreement limiting Cahill's ability to work for other employers for a year. Cahill alleges that on March 10, 2004, he sent a letter to Novacel seeking a release from the restrictive covenant so that he could begin working for a company called Surface Guard. Cahill claims that he was scheduled to commence work for Surface Guard on March 22, 2004, and on March 12, 2004, Cahill filed a complaint in Illinois state court seeking a declaratory judgment. Cahill asked the state court to declare that the restrictive covenant in his severance agreement was unenforceable. Novacel moved for a temporary restraining order ("TRO") in state court and the judge denied the motion. Novacel subsequently removed this action to federal court.

## LEGAL STANDARDS

A defendant may remove an action from state court to federal court pursuant to 28 U.S.C. § 1441. However, once a case is removed to federal court, a plaintiff may file "[a] motion to remand the case on the basis of any defect other than lack of

subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). If a court determines that it lacks subject matter jurisdiction prior to entering a final judgment "the case shall be remanded." *Id.* The party seeking removal bears the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## DISCUSSION

Cahill argues that we should remand this case because the amount in controversy requirement is not met and because Novacel has waived its right to seek removal.

## I. Amount in Controversey

Cahill argues that this court lacks subject matter jurisdiction because the amount in controversy requirement is not met. One requirement for diversity subject matter jurisdiction is that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). For cases filed originally in federal court, a case will generally not be dismissed for failure to meet the amount in controversy requirement unless the defendant shows that "to a legal certainty . . . the claim is really for less than the jurisdictional amount." *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). However, for cases filed in state court and removed to federal court, a different rule

3

applies to the amount in controversy determination. *Id.* For removal cases "the amount alleged in the plaintiff's complaint, if sufficient to meet the jurisdictional requirements of § 1332, is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court." *Id.* A removing party must point to "evidence that proves to a reasonable probability that jurisdiction, including the requisite amount in controversy, exists." *Tropp v. Western-Southern Life Ins. Co,* 2004 WL 1858369, at *3 (7th Cir. 2004). *See also Smith,* 337 F.3d at 892 (stating that the removing party bears the burden of offering "evidence which proves to a reasonable probability that jurisdiction exists.").

In the instant action, Cahill claims that he is not seeking any monetary damages. (Mot. 6). He contends that he is only seeking declaratory and injunctive relief regarding the enforceability of the restrictive covenant in his severance agreement. *Id.* If a plaintiff is seeking "an injunction or a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *America's MoneyLine, Inc. v. Coleman,* 360 F.3d 782, 786 (7th Cir. 2004). Also, the "cost a defendant incurs in complying with injunctive relief" can be considered when determining whether the amount in controversy requirement is met. *Tropp,* 2004 WL 1858369, at *4.

In the instant action Novacel contends that Cahill had access to confidential

4

information regarding Novacel's cost structure for the manufacture of products, technological research and development, formulas and processes for manufacturing films and adhesives, and Novacel's intended future strategies to enter certain markets. Novacel claims that Cahill was in charge of Novacel's largest customer accounts and had nearly exclusive contact with those customers. According to Novacel, the customers generate in excess of $300,000 in annual profits for Novacel. Novacel contends that if the restrictive covenant in the severance agreement is not enforced Cahill can use his knowledge of Novacel's confidential information and his relationship with Novacel's key customers to allow Surface Guard to gain an unfair advantage over Novacel. In light of the above facts, Cahill's argument that the amount in controversy is less than the jurisdictional requirement is completely without merit. Cahill argues in his reply that he can avoid diversity jurisdiction because he is not seeking monetary damages. (Reply 2). However, as indicated above, the object and value of the litigation can be considered. In the instant litigation, the main issue is whether or not the restrictive covenant is enforceable. There is clearly a significant amount at stake, more than the jurisdictional requirement. Cahill has not sought to deny his knowledge of any of the confidential information mentioned by Novacel. Nor has he denied the existence of a close relationship with Novacel's customers. He is only able to argue that the jurisdictional requirement is not met, by challenging the enforceability of the restrictive covenant which is an attempt to argue the merits of his case. However we

note that we will not address the merits of the case at this juncture. Novacel has pointed to sufficient evidence that proves to a reasonable probability that the jurisdictional amount in controversy requirement is met in the instant action.

II. Doctrine of Waiver

Cahill also argues that Novacel waived its right to remove the case to federal court by filing a motion for a temporary restraining order in state court. However, the Seventh Circuit has rejected the argument that, absent exceptional circumstances, waiver can be a basis for remand. *Rothner v. City of Chicago*, 879 F.2d 1402, 1407 (7th Cir. 1989). Cahill cites *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 881 (N.D. Ind. 2001) in which the court concluded that because 28 U.S.C. § 1447(c) was amended after the ruling in *Rothner*, the holding of *Rothner* is no longer good law. We cannot agree. We first note that *Fate* is not controlling precedent. Cahill also attempts to bolster his arguments in his reply by showing that other Circuits have recognized the waiver argument. However, we are bound by the precedent of the Seventh Circuit. Also, regardless of the analysis by the court in *Rothner* of certain words in 28 U.S.C. § 1447(c), there are certain basic principles stated in *Rothner* that remain unchallenged in the Seventh Circuit. In *Rothner,* the court cited *Thermtron Products Inc. v. Hermansdorfer,* 423 U.S. 336 (1976) and stated that "district courts may not remand properly removed cases 'for discretionary reasons not authorized by the controlling statute.'" 879 F.2d at 1407. The court in

*Rothner* stated that "[t]he defendant's motive for removing is not a proper consideration for remand . . . [and that] [e]very defendant who removes considers the prospect of a favorable result in the federal forum." *Id.* The court recognized that even if the defendant's "motives could be considered, any concerns on the part of the [defendant] about whether it would (or did) receive a fair hearing in state court are *exactly* the kinds of concerns the removal statutes were intended to alleviate." *Id.* Cahill ignores these principles enunciated in *Rothner* and argues that this court should remand the action based upon Cahill's perception of Novacel's motives for removal. The court in *Rothner* cautioned that district courts cannot use the doctrine of waiver as "'a poorly disguised' vehicle to effect a discretionary remand. . . ."*Id.*

Novacel has abided by the filing requiremnts for removal set by statute. The Court's focus in *Fate* upon the language in 28 U.S.C. § 1447(c) that states removal can be based upon "any defect other than subject matter jurisdiction" and its conclusion that such language impliedly refers to the doctrine of waiver is unfounded.

Even if the doctrine of waiver is applicable as a basis for remand, waiver would only apply in exceptional circumstances. *See Dorazio v. UAL Corp.*, 2002 WL 31236290, at *4 (N.D. Ill. 2002)(stating that "remand on the basis of waiver is limited to 'extreme circumstances' . . . [such as] 'a case in which the suit is fully tried before the statutory period has elapsed and then the defendant files a petition for removal.'"). Cahill's own citations support this rule. Cahill relies upon*Fate v.*

7

*Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876 (N.D. Ind. 2001) and the court in *Fate* recognized that waiver would occur when a defendant fails to remove a case "before it has been considered at length in the state court. . . ." *Id.* at 881. In *Fate*, the defendant had moved to dismiss the case and sought to bifurcate issues in state court before seeking removal. *Id.* at 881-82.

In the instant case, however, Cahill's claim was not considered at length by the state court. Novacel's only significant affirmative step in state court was to seek a TRO six days after Cahill filed the instant suit in state court. Such a step on Novacel's part is insufficient to warrant a finding of waiver, even if it were found applicable in this circuit as a basis for removal. The motion for a TRO was merely an initial step on Novacel's part, based on a perceived emergency, to try and preserve the status quo. There is nothing illogical about allowing a defendant to take such an initial step to preserve the status quo before deciding whether or not to seek a removal. Also, Novacel's relief under the TRO would have only been temporary. Once the TRO expired Novacel still faced the prospect in state court of obtaining preliminary injunction to continue throughout the duration of the litigation. Novacel did not move to dismiss any claims in state court. Cahill claims that the state court judge opened discovery and that Novacel sent requests to admit facts to Cahill while the matter was in state court. However, such actions are also insufficient to justify a finding of waiver. Cahill also argues that the state trial court judge made a ruling on the merits of the case and found that "the restrictive covenants were unenforceable

under Illinois law." (Mot. 5). However, the state trial court judge was merely ruling on the motion for a TRO and was not ruling on the merits of the case. Thus, we find that even if the doctrine of waiver were to be found a basis for remand in this circuit, the doctrine is not applicable in the instant action. Novacel sought removal within the statutory limit and there is no basis to employ a common law doctrine in a manner to significantly alter the removal scheme envisioned by Congress. Cahill has not provided any controlling precedent that would warrant a remand in the instant action.

## CONCLUSION

Based on the foregoing analysis, we deny Cahill's motion to remand.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 31, 2004